**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FIRSTMERIT BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 13 C 6000 |
| v. | ) | Judge James F. Holderman |
| | ) | |
| ANCHOR PROPERTIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER DENYING DEFENDANT TULUCE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT
FOR FORECLOSURE AND OTHER RELIEF (Dkt. No. 79)

James F. Holderman, Judge

Defendant Tuluce argues in her motion, filed pursuant to Rule 12(b)(6), that Counts XVII and XVIII of FirstMerit's First Amended Complaint (Dkt. No. 74) should be dismissed on the asserted ground that they do not state a claim on which relief may be granted.

To properly allege fraudulent transfer, a complaint must allege, among other things, that plaintiff is a creditor, and that plaintiff has a claim against a debtor. *A.P. Properties, Inc. v. Goshinsky*, 186 Ill. 2d 524, 528 (Ill. 1999). As defined by Illinois statutory law, a "creditor" is a "person who has a claim" and a "debtor" is a "person who is liable on a claim." 740 ILCS 160/2(d), (f). A "claim," in turn, is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, **secured, or unsecured**." 740 ILCS 160/2(c). (Emphasis added.) In federal court, fraudulent transfer counts, such as Counts XVII and XVIII, are subject to the heightened pleadings standard imposed by Rule 9(b), and a plaintiff's complaint must (1) allege the details of the claim, (2) allege the amount owed, and (3) describe the events surrounding the fraudulent

transfer. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1079-80 (7th Cir. 1997).

Here, FirstMerit has complied with the heightened pleading requirement of Rule 9(b), and defendant Tuluce's motion should be denied.

No other allegations of fact are necessary beyond those set out in Counts XVII and XVIII to properly allege claims for actual and constructive fraudulent transfer. Defendant Tuluce, who is properly named as a defendant, has not provided in her motion a sufficient basis to support the court's dismissing FirstMerit's fraudulent transfer counts.

FirstMerit, under Illinois law, is not only permitted to file and pursue Counts XVII and XVIII against defendant Tuluce, she is a necessary party. Whether defendant Tuluce had knowledge that the transfer was fraudulent or otherwise allegedly acted wrongfully is not determinative. Because FirstMerit is allowed the option of pursuing defendant Tuluce for a money judgment rather that the property, defendant Tuluce cannot claim that First Merit's allegations and request for relief in Counts XVII and XVIII are improper.

## CONCLUSION

Defendant Annalisa Tuluce's Motion to Dismiss Counts XVII and XVIII of the First Amended Complaint (Dkt. No. 79) is denied.

ENTER:

_____
JAMES F. HOLDERMAN
United States District Court

Date: August 14, 2014